255 F.2d 191
 SANGAMON VALLEY TELEVISION CORPORATION, Petitioner,
v.
UNITED STATES of America and Federal Communications Commission, Respondents.
American Broadcasting-Paramount Theatres, Inc., WMAY-TV, Inc., Signal Hill Telecasting Corporation, Plains Television Corporation, Intervenors.
 No. 13992.
 United States Court of Appeals District of Columbia Circuit.
 Argued April 17, 1958.
 Decided May 1, 1958.
 
 Mr. Stanley S. Harris, Washington, D. C., with whom Messrs. D. M. Patrick and Lester Cohen, Washington, D. C., were on the brief, for petitioner.
 Mr. John J. O'Malley, Jr., Counsel, Federal Communications Commission, with whom Messrs. Warren E. Baker, Gen. Counsel, Federal Communications Commission, Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Commission, and Daniel M. Friedman, Atty., Dept. of Justice, were on the brief, for respondents.
 Mr. Vernon L. Wilkinson, Washington, D. C., with whom Mr. James A. McKenna, Jr., Washington, D. C., was on the briefs, submitted on the briefs for intervenors American Broadcasting-Paramount Theatres, Inc., and Plains Television Corp.
 Mr. Stanley S. Neustadt, Washington, D. C., with whom Messrs. Marcus Cohn and Paul Dobin, Washington, D. C., were on the brief, submitted on the brief for intervenor WMAY-TV, Inc.
 Messrs. Monroe Oppenheimer, William P. Bernton and James H. Heller, Washington, D. C., were on the brief for intervenor Signal Hill Telecasting Corp. Abraham J. Harris, Washington, D. C., also entered an appearance for intervenor Signal Hill Telecasting Corp.
 Before EDGERTON, Chief Judge, and FAHY and BASTIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner seeks review of a rule-making decision of the Federal Communications Commission resulting in amendment of the Table of Television Channel Assignment. The amendment assigned VHF Channel 2, Springfield, Illinois, to St. Louis, Missouri, and Terre Haute, Indiana, accompanied with the assignment of UHF Channels 26 and 36 to Springfield.
 
 
 2
 Petitioner, applicant for Channel 2 at Springfield, attacks the decision as illegal because inconsistent with section 307(b) of the Communications Act.[1]
 
 
 3
 We are unable to sustain this attack. Upon the basis of a full hearing the Commission weighed the various factors involved and reached a reasoned decision within its competence. We find nothing arbitrary, capricious or otherwise illegal in the decision, and it accordingly is
 
 
 4
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 This section reads as follows:
 "In considering applications for licenses, and modifications and renewals thereof, when and insofar as there is demand for the same, the Commission shall make such distribution of licenses, frequencies, hours of operation, and of power among the several States and communities as to provide a fair, efficient, and equitable distribution of radio service to each of the same." 48 Stat. 1083 (1934), as amended, 47 U.S.C.A. § 307 (b) (1952).